Smith v. Smith.

Filed March 24, 1886.

---

No. 12,396.

## SMITH v. SMITH.

SUPREME COURT. — *Assignment of Error.* — *Change of Venue.* — Where the record shows that the court in which the action was commenced overruled a demurrer to the complaint, but does not show such a ruling by the court to which a change of venue was taken, an assignment of error that the latter court erred in overruling a demurrer to the complaint presents no question to the Supreme Court.

SAME. — *Complaint.* — *Sufficiency of.* — A complaint which is questioned for the first time by an assignment of error in the Supreme Court must, to justify a reversal of the judgment, wholly omit the averment of facts necessary to the existence of the cause of action attempted to be stated.

CONTRACT. — *Damages.* — *Dismissal of Action on Agreement to Pay.* — Where an action for damages is dismissed upon the agreement of the defendant to pay the plaintiff a designated sum, the latter may maintain an action on such agreement.

SAME. — *Evidence.* — *Papers in Prior Action.* — In such case, the papers filed in the dismissed action are competent evidence to show merely that there was a controversy between the parties, and its character.

From the Steuben Circuit Court.

*J. M. Somers* and *F. S. Roby*, for appellant.

*G. B. Adams* and *H. Reynolds*, for appellee.

HOWK, J.—Appellee has filed a written motion to dismiss this appeal, "for the reason that there is no assignment of errors entered on the transcript herein, as required by law."

The reason thus assigned is not shown to be true by the transcript herein, or in any other manner. The assignment of errors is entered on a blank page of the transcript, in substantial compliance with the requirements of the statute. Section 655, R. S. 1881. The motion to dismiss this appeal is overruled, with costs.

Errors are properly assigned here by appellant, the defendant below, which call in question (1) the sufficiency of the complaint, and (2) the overruling of his motion for a new trial.

In his complaint appellee alleged that on the — day of April, 1883, he had an action at law pending in the Steuben Circuit Court, in Steuben county, against the appellant herein, Joel B. L. Smith, and in favor of appellee herein, Thomas A. Smith, to recover the sum of $4,000 damages; and that appellee was informed and believed, and at the time did believe, that he had a good and valid cause of action against such appellant; that appellant agreed with appellee, that, if the latter would dismiss and discontinue his aforesaid action, appellant would pay appellee the sum of $2,000; that relying on such agreement, and believing that appellant would pay such sum of $2,000, appellee dismissed and discontinued his aforesaid action; and appellee averred that appellant had neglected and refused to pay such sum, or any part thereof, and that such sum was then due and remained wholly unpaid. Wherefore, etc.

Appellant's demurrer to appellee's complaint, for the alleged insufficiency of the facts therein stated to constitute a cause of action, was overruled, and this ruling is the first error of which complaint is here made by appellant's counsel in their brief of this cause. The point is made by appellee's counsel, and seems to be well made, that appellant's assignment of errors does not present the ruling on the demurrer to the complaint for the consideration of this court. Appellant has assigned here as error that the court below, the Steuben Circuit Court, had erred in overruling his demurrer to

the complaint. No such ruling is shown by the transcript of the record on file in this court. It is shown by the record that appellant's demurrer to the complaint was overruled by the Noble Circuit Court, wherein this action was commenced by the appellee. But, upon the authority of *Indiana, etc., R. W. Co.* v. *McBroom,* 98 Ind. 167, and cases there cited, it must be held in the case at bar, that the ruling of the Noble Circuit Court on the demurrer to the complaint is not presented for our consideration by appellant's assignment of errors.

The sufficiency of appellee's complaint is also challenged by appellant, by his assignment here, as error, that "the complaint does not state facts sufficient to constitute a cause of action." Such an assignment of error is authorized, in civil actions, by the provisions of section 343, R. S. 1881, to the effect substantially, that the defendant shall *not* be deemed to have waived "the objection that the complaint does not state facts sufficient to constitute a cause of action," by reason of his omission to make such objection, "either by demurrer or answer." Of course, such assignment of error questions the sufficiency of the complaint, after verdict and judgment thereon, with all their curative virtues and all the presumptions indulged in their favor and support, for the first time in this court. When thus questioned, the complaint must be radically and fatally defective; it must wholly omit the averment of material and necessary facts, essential to the existence of the cause of action attempted to be stated, to authorize or justify the reversal of the judgment by an appellate court, on account of such complaint. *Donellan* v. *Hardy,* 57 Ind. 393; *Lassiter* v. *Jackman,* 88 Ind. 118; *Baltimore, etc., R. R. Co.* v. *Kreiger,* 90 Ind. 380; *Kinney* v. *Dodge,* 101 Ind. 573.

Appellee's complaint in the case in hand was good, we think, even on demurrer, and it was good, beyond all room for doubt, when called in question after verdict and judgment thereon, for the first time in this court.

Under the alleged error of the circuit court, in overruling the motion for a new trial, appellant's counsel first insist very earnestly, that the verdict of the jury was not sustained by sufficient evidence, and was contrary to law. We can not disturb the verdict on the evidence. There is evidence appearing in the record of this cause, which tended and, as we think, strongly tended to sustain the verdict of the jury on every material point involved in the issues. In such a case, as we have often decided, where the verdict has been sustained and approved by the learned judge who presided at the trial, this court will not weigh the evidence nor attempt to determine its preponderance, either for or against the verdict. *Rudolph* v. *Lane,* 57 Ind. 115; *Fort Wayne, etc., R. R. Co.* v. *Husselman,* 65 Ind. 73; *Ketcham* v. *Barbour,* 102 Ind. 576.

Appellant's counsel further complain of an alleged error of the court, occurring at the trial, in the admission of the files of appellee's former action against appellant, as evidence in this cause. The bill of exceptions shows that when these files were offered in evidence, appellant objected to their admission on the ground that such evidence was immaterial, incompetent and had no tendency to prove a contract. It is further shown by the bill that afterwards, in overruling appellant's objections to the offered evidence, the court instructed the jury in relation to such evidence, as follows:

" Gentlemen of the jury : While I permit these files to go to you, you are not to accept them as the truth of anything that is averred in these papers, or to accept them as evidence of the truth of any facts averred in them, but simply for the purpose of showing to you that there was an actual controversy between the parties, and the character of that controversy. Further than that, you have no right to go. You have no right to assume that what is in these papers is true or false. You simply receive them, as showing that there was a controversy between the parties, and the character of that controversy."

The files of the former action were clearly competent and relevant to the issues, for the purpose for which the court admitted them in evidence. It can not be supposed that the jury, acting under their oaths and the foregoing instruction, received or considered such evidence for any other purpose than the one for which it was admitted by the trial court.

There was no error in overruling the motion for a new trial.

The judgment is affirmed, with costs.

Filed March 3, 1886.