Willis, Auditor, *v.* Crowder *et al.*

No. 16,138.

## WILLIS, AUDITOR, *v.* CROWDER ET AL.

TAXES.—*Special Finding.*—*Value for Taxation.*—*When Not Within Issues.*—*Finding Disregarded.*—Where the court, in an action to enjoin the addition of $27,425 to plaintiffs' taxable property as ordered by the county board of equalization, finds, as to bills receivable and credits, "their fair value for taxation as compared with other property and choses in action of a similar kind and character in said township," such finding is not within any proper issue, and should be disregarded, the issues being as to the market value or the fair cash value.

CONCLUSIONS OF LAW.—*Special Finding of Facts.*—*When Conclusion is Erroneous.*—The conclusions of law upon a special finding of facts must be supported by the facts found, or it will amount to reversible error.

From the Sullivan Circuit Court.

*J. T. Hays* and *H. J. Hays*, for appellant.
*J. S. Bays* and *G. W. Buff*, for appellees.

HACKNEY, J.—The appellees, conducting an unincorporated bank in the town of Sullivan, sought to enjoin the appellant, as auditor of Sullivan county, from adding $27,425 to the valuation of their taxable property, as ordered by the board of equalization of said county in June, 1890.

The complaint alleged that the appellees made to the assessor a statement of their property, with the true and correct amounts and value thereof, showing the—

Amount of money on hand............  $807 45
Amount of funds in other banks.......  12,098 90
Bills receivable, credits, etc...........197,738 90
Additional property other than real estate ..............................  500 00
Deposits held for others..............182,569 57

After deducting the amount of the deposits from the

amount of the bills receivable, credits, etc., the balance for taxation was $28,575.68.

The appellant answered by special facts, showing additional property and additional values. The cause was submitted to the court, and, upon request, special findings of facts and conclusions of law were rendered.

The findings state the face value of the bills receivable at $263,651.80; "that their fair value for taxation, of said bills receivable, as compared with other property and choses in action of a similar kind and character in said township, was $197,738.90; that of said bills receivable there were, on April 1st, 1890, $200,000.00, which were worth their face value to said bank; that $30,000 of said bills receivable were, at said date, worthless, and the residue, $33,651.80 of said bills receivable, were, at said date, worth seventy-five cents on the dollar to said bank."

These two findings of the value of the bills receivable and credits of the appellees involve a difference of $27,-499.95.

It will be observed that the first of the findings of the value of said bills receivable is the "value for taxation, * * * as compared with other property and choses in action of a similar kind and character in said township," while the second estimate or finding is that $200,000 thereof were worth their face, and $33,651.80 thereof were worth seventy-five cents on the dollar, or $25,238.85, and together amounting to $225,238.85, as against $197,-738.90, as returned.

It will also be observed that the difference in the values so found is in excess of the sum directed by the board of equalization to be added to the taxable value of appellees' property.

As to the item of property stated by the appellees in their schedule at $500, the court finds that it was of the market value of $750.

Willis, Auditor, *v*. Crowder *et al.*

If we must adopt the lower court's "value for taxation," we find the value by appellees' schedule insufficient by $250; while, if we must adopt the court's valuation at the "worth" of the bills receivable, the appellees' schedule of valuation is insufficient by the sum of $27,749.95.

By section 6330, R. S. 1881, the rule for the valuation of property for taxable purposes was provided. After requiring the owner to render a statement of his property, that section provides that "he shall affix what he deems the fair cash value thereof to each item of personal property, for the guidance of such assessor." It is further directed by said section that "in determining and settling such valuation, the assessor shall be governed by what is the fair cash value, such being the market or usual selling price at the place where the property shall be at the time of its liability to assessment; and if there be no market value, then the actual value."

It is manifest that the taxable value of property is its fair cash value, a fair cash value being the market or usual selling price, and if there be no market value, then it is the actual value that rules.

Such was the valuation required to be made by the property-owner, by the assessor, by the board of equalization, and by the trial court sitting in judgment upon the action of the board of equalization. Such valuation was that to which the issue presented by the appellees' complaint was directed.

As to the bills receivable and credits, the circuit court has made no finding that they possessed a market value, and we must presume that no such value was shown. The finding states "their fair value for taxation as compared with other property and choses in action of a similar kind and character in said township." This finding is not of the "fair cash value." It states a conclusion

that the sum found is a fair value for taxation, but it further states that this value is measured by a comparison with the value of like property. This is not a finding of the market value of the credits. The comparison stated may be correct, and at the same time neither class of the property have a market value.

This finding is not susceptible of the construction that it states the actual value of the property. Such construction is not contended for. We conclude, therefore, that this finding, so far as it states any fact, is not within any proper issue, and must be disregarded.

As we have shown, the additional findings state the actual value of the bills and credits at $225,238.85, and upon this valuation the appellees could, under the statute, deduct $182,569.50, the amount of their deposit account.

We conclude that, upon the facts stated, the law was with the appellant, and that the lower court erred in not so finding as its conclusion of law.

The decree of the circuit court is reversed, with instructions to restate the conclusions of law in accordance with this opinion, and enter decree in favor of the appellant.

