No. 1,504.

MOORE v. HAYS.

CONTRACT.—*Sale of Goods.*—*Statute of Frauds.*—*Delivery.*—A parol contract for the sale of goods, where the contract price is over $50, and nothing is given as part payment or in earnest, is invalid and unenforceable until executed by the receipt of the goods by the purchaser.

SAME.—*Sale of Goods.*—*License to Take.*—*Tortfeasor.*—Where A purchases corn of B, and B directs A to get the corn from a certain pen, and in pursuance of such license the corn was taken by C under authority from A, B can not afterwards say that C was a wrong-doer, and sue him as such.

From the Greene Circuit Court.

*W. W. Moffett, C. Davis* and *G. O. Sample,* for appellant.

*S. A. Hays,* for appellee.

GAVIN, J.—Appellant sued appellee for the value of corn sold and delivered, but failed to recover. He now insists that he should have a new trial because the evidence was insufficient to sustain the verdict.

It appears from the evidence that Moore owned corn in pens on his land; that one Carmichael had contracted to purchase from Hays certain hogs which he had in turn arranged to sell to Moore. Hays was refusing to hold the hogs for Carmichael longer unless he paid him some money or corn. Carmichael reported this to Moore, who told him he couldn't furnish any money but would let him have corn for Hays to hold his hogs, and told him to get the corn out of a certain pen. The price of the corn was fixed. In pursuance of this arrangement Carmichael reported to Hays that he had gotten the corn for him from Moore, and directed him to take it out of the pen mentioned by Moore. Hays did so, and settled

with Carmichael for it. Moore afterwards claimed pay therefor from Hays.

The evidence shows a complete parol agreement between Moore and Carmichael for the sale of the corn to him for Hays. It is, however, insisted that since the price was over $50 this contract was void under the statute of frauds. Section 4910, R. S. 1881 (section 6635, R. S. 1894).

Counsel's position is that the entire case hinges on whether the corn was the property of Moore or Carmichael at the time Carmichael told Hays to go and get it; that if the title never vested in Carmichael it did not vest in Hays. We do not think the conclusion by any means follows.

It is undoubtedly true that the parol contract was invalid and unenforceable (not void, *Morrison* v. *Collier*, 79 Ind. 417; *Dixon* v. *Duke*, 85 Ind. 434), until executed by the receipt of the goods by the purchaser, and had the sale been revoked by Moore prior to the receipt of the goods then no rights could have been acquired under it. But the parol contract of sale was accompanied with an express direction and license to get the corn from a certain pen. In pursuance of this license the corn was taken by Hays under authority from Carmichael. The corn having been thus taken under the express license and permission of Moore he can not afterwards say that Hays was a wrongdoer, and sue him as such. That is what is being done here in effect, the tort being waived. Where standing trees are sold by parol the contract is unenforceable, but if the purchaser, in execution of it, and before revocation by the land-owner, cut down the trees he is entitled to hold them. *Owens* v. *Lewis*, 46 Ind. 488; *Cool* v. *Peters Box, etc., Co.*, 87 Ind. 531.

As claimed by counsel, mere words would not constitute a delivery (*Dehority* v. *Paxson*, 97 Ind. 253), but

there was here much more than mere words.   There was actual receipt of the goods by the purchaser or by another under his direction, which amounts to the same thing.

Neither do the facts bring it within the rule invoked by appellant, that where anything remains to be done by the seller, such as weighing or measuring, the title does not pass.   *Commercial Nat'l Bank* v. *Gillette,* 90 Ind. 268; *Fordice* v. *Gibson,* 129 Ind. 7.

Here there was, under the terms of sale, nothing further for the seller to do.   The purchaser was to do everything else.   It is true he was possibly, under the custom proved, to pay for the weighing, but there is nothing to indicate that the seller was to have anything to do with the weighing.

If A says to B:   I will give you $100 for your colt, and "B" says, "All right.   You can have him.   He is down there in my pasture.   Go and get him."   And A, in pursuance of this direction, goes and gets the colt, it could hardly be claimed that A was a wrong-doer and could be sued for the value of the colt rather than on the contract.

As to the sufficiency of the delivery, see, also, *Jennings* v. *Webster,* 7 Cow. 256; *Vincent* v. *Germond,* 11 John. *283; *McKnight* v. *Dunlop,* 5 N. Y. 537.

We have, in stating the facts, taken that view of the evidence most favorable to the appellee, as we are by law required to do.   Thus regarding them, we find no error in the record.

Judgment affirmed:
Filed May 2, 1895.