FISHER, ADMINISTRATOR, *v.* LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY.

[No. 17,998. Filed January 12, 1897.]

SPECIAL VERDICT.—*Failure to Find as to Material Fact in Issue.—Presumption.*—When any fact material to the issue is not set forth in a special verdict, the presumption is that there was not evidence sufficient to establish such fact, and the same is treated as found against the party having the burden of proof as to such fact.

NEGLIGENCE.—*Willfulness.*—To constitute a willful injury the act which produced it must have been intentional, or must have been done under such circumstances as evinced a reckless disregard for the safety of others and a willingness to inflict the injury complained of.

SAME.—*Contributory Negligence.—Railroad.*—In an action against a railroad company for the alleged negligent killing of a section hand, freedom from contributory negligence is not sufficiently shown where there is no evidence as to what deceased was doing at the time he was struck by the train.

SAME.—*Willful Killing.—Railroad.*—A finding against a railroad company for a willful killing of a section hand, who was standing

. on the track, is not warranted in the absence of evidence showing what the deceased was doing at the time, even though the track was clear and deceased could have been seen from the cab of the engine for half a mile, and no signals were given of the approach of the train.

From the Newton Circuit Court. *Affirmed.*

*S. P. Thompson* and *D. J. Thompson*, for appellant.

*E. C. Field, W. S. Kinnan* and *Cummings & Darroch*, for appellee.

MONKS, J.—Appellant brought this action to recover damages for the death of Benjamin Fisher, an employe of appellee, who was killed by one of appellee's trains.

The complaint is in two paragraphs. The first paragraph alleges that the death was caused by the negligence of appellee and without the fault of the decedent.

The second paragraph charges that appellee willfully and purposely killed the decedent. The jury returned a special verdict, and appellant moved for a judgment in his favor, which was overruled and judgment rendered in favor of appellee.

The special verdict, so far as necessary to the determination of the questions presented, is substantially as follows: On July 19, 1895, Benjamin F. Fisher was, and had been, in the service of appellee as a section man for about three months, and while in such service was struck and killed by a locomotive owned and operated by appellee, and which was attached to an extra freight train not running on any schedule time and following about one mile behind the regular local freight train, which had passed the decedent about five minutes before he was killed. That a high wind was blowing from the northwest to the southeast at the time. The deceased was killed about half

way between the village of Surrey and the first public highway southeast of said village. The railroad crosses two public highways, about one mile south of said village, one about eighty rods from the other; the track for a distance of about three-quarters of a mile to the southeast of where the deceased was killed, was straight and unobstructed in view from the cab of the locomotive as it approached the place where the decedent was killed. Appellee's engineer and fireman could have seen decedent at work upon said railroad in approaching him for the distance of at least one-half a mile. The engineer in charge of the locomotive drawing the extra freight train did not give any signal at the highway crossing first south and about one-half mile from where the decedent was at work, or give any warning as the train approached the decedent. The deceased would not have heard the whistle if sounded at said highway crossing, but would have heard the danger signal as the extra freight train approached him from the southeast, if it had been sounded. The train was going at about twelve to fifteen miles per hour when the decedent was killed. The deceased was a man about forty-one years of age, with his eyesight good, and was in the full possession of his faculties. He could have seen the train approaching for about one mile if he had looked, and could have heard the noise of the approaching train in time to have avoided danger if he had listened. The special verdict states that there was no evidence as to what the decedent was doing when he was killed, whether he looked or listened, or as to whether he saw and heard the train approaching in time to avoid it or not.

To entitle appellant to judgment in his favor upon the special verdict, under the issues joined, it is essential that the facts found should show that the

Fisher, Admr., *v.* Louisville, etc., Railway Company.

death of Fisher was caused by the negligence of the appellee, and without any fault on the part of said decedent, or that he was willfully killed by the appellee. *O'Neal* v. *Chicago, etc., R. W. Co.,* 132 Ind. 110.

In determining whether the facts found are sufficient to entitle the person having the burden of proof to a judgment this court can only consider the facts properly found, disregarding evidentiary facts, legal conclusions and matters not within the issues; and when any fact material to any issue is not set forth, the presumption is that there was not evidence sufficient to establish such fact, and the same is treated as found against the party having the burden of proof as to such fact. Nothing can be added by inference or intendment. *Indianapolis, etc., R. W. Co.* v. *Bush,* 101 Ind. 582; *Indiana, etc., R. W. Co.* v. *Barnhart,* 115 Ind. 399, and cases cited; *Cook* v. *McNaughton,* 128 Ind. 410, and cases cited; *Town of Freedom* v. *Norris,* 128 Ind. 377; *Louisville, etc., R. W. Co.* v. *Miller,* 141 Ind. 533.

There are no facts showing that the appellant's intestate was in the exercise of ordinary care when he was killed. He could have seen the approaching train for a mile, and could also have heard the noise of the train in time to have avoided danger. There is no finding that he did or did not look or listen, or that he did not see or know the train was approaching in time to have avoided the danger. For all that is shown by the special verdict he saw and heard the train approaching and neglected to go from the track until it was too late. Under the authorities cited, therefore, the failure to find facts showing that the decedent was without fault is equivalent to a finding against appellant on this issue. It is evident, therefore, that appellant was not entitled to a judgment in his favor, unless the facts found show that the appel-

dee willfully and purposely killed the decedent, as alleged in the second paragraph of complaint. When any injury is willfully inflicted it is not necessary to prove that the person injured was free from contributory negligence. *Brannen* v. *Kokomo, etc., Gravel Road Co.*, 115 Ind. 115.

Can this court say, as a matter of law upon the facts found, that appellee willfully caused the death of the intestate?

To constitute a willful injury the act which produced it must have been intentional, or must have been done under such circumstances as evinced a reckless disregard of the safety of others and a willingness to inflict the injury complained of. *Brannen* v. *Kokomo, etc., Gravel Road, supra,* and cases cited; *Pennsylvania Co.* v. *Meyers, Admx.*, 136 Ind. 242; *Parker, Admr.,* v. *Pennsylvania Co.*, 134 Ind. 673; *Conner* v. *Citizens' Street R. R. Co., ante,* 430.

The special verdict shows that the engineer and fireman upon the approaching train could have seen the decedent when a half mile from where he was killed, but that no danger signals were given as the train approached him. It is not found or shown that they, or either of them, saw him, or knew that he or any one else was at work on or near the track before he was killed. Neither does the verdict show what the decedent was doing, as the train approached, or when he was killed, or that he was engaged in work and was so absorbed that he did not know that the train was approaching. It is true, that in answer to one interrogatory the jury found that he was working as appellee's section man in ballasting the track. But the jury, in answer to other interrogatories, find that there was no evidence showing what he was doing at and before the time he was struck by the train.

Considering these interrogatories and the answers

together, the jury found that the decedent was, on the day of the injury, an employe of the appellee and engaged in the line of his duty as a section hand in ballasting the railroad track under the direction of the section foreman, but that at the time he was struck by the train the jury could not find what he was doing, because there was no evidence of what he was doing at that time.

For all that appears from the special verdict, the decedent may have been looking at the train as it approached, and appellee's employes did not give the danger signal for the reason that they could see that the decedent was looking at the train and knew that it was approaching him. Under such circumstances the failure to give the danger signal would not be negligence. The engineer would have the right to assume that the decedent would step aside in time to avoid the danger. *Indianapolis, etc., R. R. Co.* v. *McClaren, Admr.*, 62 Ind. 566. If, under such circumstances, appellee's train ran upon the decedent and caused his death, there would be no liability, because appellee would not be guilty of even negligence, and the decedent would be guilty of negligence contributing to his injury.

Under the rule that nothing can be added by intendment, it is clear that we cannot say, as a matter of law upon the facts found, that the death of appellant's intestate was willfully and purposely caused by appellee, nor even by its negligence.

The judgment is, therefore, affirmed.