Goodwine v. Cadwallader.

## GOODWINE v. CADWALLADER.

[No. 19,554. Filed November 20, 1901. Rehearing denied March 14, 1902.]

STATUTE OF FRAUDS. — *Sale of Corn.* — *Oral Contract.* — *Damages for Failure to Perform.*—*Complaint.*—In an action to recover damages for failure to comply with an oral contract for the sale of corn, for a price in excess of $50, an allegation in the complaint that "defendant delivered to plaintiff" a part of the corn, "but has failed, refused, and neglected to deliver any more of the same," is not sufficient to render such oral contract enforceable under the statute of frauds, without a further allegation that the property delivered was received. *pp. 203, 204.*

APPEAL AND ERROR.—*Complaint When Questioned for First Time on Appeal.*—Where there is an entire failure to aver a material and necessary fact essential to the existence of the cause of action attempted to be stated in the complaint, the same may be questioned for the first time in the Supreme Court. *p. 204.*

PLEADING.—*When Defect Not Cured by Special Finding.*—Where an averment essential to the sufficiency of a pleading is omitted therefrom, and the special finding finds said omitted averment, which, if it had been contained in the pleading, would have rendered the same sufficient, this will not supply the allegation omitted, or otherwise cure the defect in the complaint, for the reason that such a finding is outside the issues. *pp. 204–206.*

From Warren Circuit Court; *J. M. Rabb*, Judge.

Action by Ira Cadwallader against John C. Goodwine for damages for breach of oral contract. From a judgment for plaintiff, defendant appeals. *Reversed.*

*L. F. McCabe,* for appellant.
*C. V. McAdams,* for appellee.

Monks, C. J.—Appellee brought this action against appellant to recover damages for the failure to deliver corn according to an oral contract. A general denial was filed to the complaint. Said cause was tried by the court, special finding of facts made, and conclusions of law stated thereon in favor of appellee, and over a motion for a new trial judgment was rendered against appellant.

It is insisted by appellant that the complaint is insufficient. It appears from the complaint that the agreement sued upon, which was oral, was for the sale of "goods" for a price in excess of $50. Such oral contract can not be enforced unless the purchaser shall receive part of such property, or shall give something in earnest to bind the bargain or in part payment. §6635 Burns 1901, §4910 R. S. 1881 and Horner 1897; *Dehority* v. *Paxson,* 97 Ind. 253; *Krohn* v. *Bantz,* 68 Ind. 277, 282; *Keiwert* v. *Meyer,* 62 Ind. 587, 593, 30 Am. Rep. 206; *Sprankle* v. *Trulove,* 22 Ind. App. 577; *Brewster* v. *Taylor,* 7 Jones & S. (N. Y.) 159, 166; *Knight* v. *Mann,* 118 Mass. 143, 145, 146; *Shindler* v. *Houston,* 49 Am. Dec. 316, note pp. 327, 328, 329; Browne on Stat. of Frauds (5th ed.), §316, 316b.

It is alleged in the complaint that on "June 18, 1900, the defendant delivered to the plaintiff" a part of said corn, "but has failed, refused, and neglected to deliver any more of the same." It is insisted by appellant that such allegation is not sufficient to render said oral contract enforceable under the statute of frauds. There is no allegation that appellee, the purchaser, ever received the property delivered by appellant, nor is there any other allegation taking the contract out of the statute of frauds.

In *Dehority* v. *Paxson, supra,* this court, on page 256, said: "The language of the statute is, 'unless the purchaser shall receive part of such property.' To constitute a receipt of property, as contemplated by the statute, it is

true that there must be a delivery by the seller. What is required is an act of the purchaser, that he shall receive. This involves delivery, but it is not intended that the seller by his act of delivery shall be able to render the contract enforceable against the purchaser without his receiving the goods or some part thereof as his property under the contract. The seller must part with his control with the purpose of vesting the right of property in the buyer, who must receive with such intent on his part." The other authorities above cited are to the same effect. It is clear, therefore, that an averment that the purchaser received said goods under the contract as his property was essential to the sufficiency of said complaint. There being an entire failure to aver a material and necessary fact essential to the existence of the cause of action attempted to be stated in the complaint, the same may be questioned for the first time in this court. *Taylor* v. *Johnson,* 113 Ind. 164; *Smith* v. *Smith,* 106 Ind. 43.

Appellee insists that, there being a special finding of facts and conclusions of law thereon, such defect in the complaint is not available in this court. It is true that, where there is a special finding, the facts found may show that the action of the court in overruling a demurrer to a paragraph of complaint or answer was harmless; but this is only true where there is some other paragraph of the complaint or answer which is sufficient, which the special finding follows and sustains. In other words, where the facts found and conclusions of law stated show they sustain and rest upon a good paragraph of complaint or answer, and the judgment is rendered thereon, the error of the court in overruling a demurrer to other paragraphs of complaint or answer is harmless, because the record affirmatively shows that the judgment rests upon the good, and not the insufficient, paragraph. In the case of *Smith* v. *Wells Mfg. Co.,* 148 Ind. 333, cited by appellees, the special finding did not rest upon the second paragraph of answer, to which a demurrer had

been overruled, and which ruling was assigned as error, but upon the third paragraph of answer, which was not challenged. The record in that case showed, therefore, affirmatively, that the error, if any, in overruling the demurrer to the second paragraph of answer, was harmless. In such a case this court will not consider the sufficiency of said paragraph. *Martin* v. *Cauble,* 72 Ind. 67. When there is a special finding and conclusions of law thereon, and the action of the court in overruling a demurrer to the complaint or answer is called in question by the assignment of errors, if the same question is presented by the exceptions to the conclusions of law, said conclusions of law being properly assigned as error, the court may determine such question either by determining the correctness of the conclusions of law or by deciding as to the sufficiency of the complaint or answer; but it is not necessary to consider both, for the reason that the decision of one necessarily determines the other. If an averment essential to the sufficiency of a pleading is omitted therefrom, and the special finding finds said omitted averment, which, if it had been contained in the pleading, would have rendered the same sufficient, this will not supply the allegation omitted, or otherwise cure the defect in the complaint, for the reason that such a finding is outside the issues, and must be disregarded. *Cleveland, etc., R. Co.* v. *Parker,* 154 Ind. 153; *Louisville, etc., R. Co.* v. *Bates,* 146 Ind. 564, 570, 571; *Fisher* v. *Louisville, etc., R. Co.,* 146 Ind. 558, 561, and cases cited; *Citizens Nat. Bank* v. *Judy,* 146 Ind. 322, 349; *Willis* v. *Crowder,* 134 Ind. 515, 518; *Burton* v. *Morrow,* 133 Ind. 221, 226.

A special finding, special verdict, or answer to interrogatories can not supply essential averments omitted from a pleading, but may show that errors in rulings on pleadings were harmless. See cases last above cited. *Pittsburgh, etc., R. Co.* v. *Moore,* 152 Ind. 345, 44 L. R. A. 638; *Runner* v. *Scott,* 150 Ind. 441; *Brumbaugh* v. *Richcreek,*

127 Ind. 240, 242, 243; *American Ins. Co.* v. *Replogle,* 114 Ind. 1, 7, 8, and cases cited. It is evident, therefore, that the special finding in this case did not supply the essential allegation omitted from the complaint.

As the case can be decided without passing upon the constitutional validity of the statute discussed in the briefs, the same, under the well settled rule, is not considered. *Pennsylvania Co.* v. *Ebaugh,* 144 Ind. 687, 694; *Board, etc.* v. *Board, etc.,* 146 Ind. 138, 144; *Legler* v. *Paine,* 147 Ind. 181; *Cleveland, etc., R. Co.* v. *City of Connersville,* 147 Ind. 277, 37 L. R. A. 175, 62 Am. St. 418.

Judgment reversed for the insufficiency of the complaint, with instructions for further proceedings not inconsistent with this opinion.