COULTER ET AL., EXECUTORS, *v.* BRADLEY, ADMINISTRATRIX.

[No. 4,708.   Filed May 20, 1904.]

1. APPEAL AND ERROR.—*Complaint.—Defective.—Initial Attack on Appeal.—Special Findings.—Exceptions.—Waiver.*—Where an essential fact is omitted from a complaint to which no demurrer was filed, and the special findings set out such omitted fact, an exception to the conclusions of law on such findings should be held to be a waiver of the right to make an initial attack on appeal on the sufficiency of such complaint, because of such omitted fact.   p. 698.

2. COURTS.—*Duty.—Furtherance of Justice.*—It is the duty of courts to exercise their authority in such way that justice will be subserved, and wrong prevented.   p. 701.

3. APPEAL AND ERROR.—*Erroneous Ruling Precedent.—Transfer.*—Where a ruling precedent of the Supreme Court is deemed erroneous, the Appellate Court will transfer the case in hearing to that court with its reasons therefor.   Henley, J., dissents.   p. 702.

From Clinton Circuit Court; *John F. Neal,* Special Judge.

Action by Anna Bradley, as special administratrix of the estate of Frank Bradley, deceased, against David A. Coulter and another, as executors of the will of Hiram A. Bradley, deceased.   From a judgment for plaintiff, defendants appeal.   *Transferred to Supreme Court.*   (For decision of Supreme Court on transfer, see 163 Ind. 311.)

*Harry C. Sheridan* and *Guenther & Clark,* for appellants.

*W. R. Moore* and *E. D. Salsbury,* for appellee.

BLACK, J.—On the original hearing of this cause we inadvertently failed to take notice of a comparatively recent decision of the Supreme Court. *Goodwine* v. *Cad-*
1.  *wallader* (1902), 158 Ind. 202. In that case, a fact which was held to constitute an essential element of the cause of action was not averred in the complaint, and it was decided that the complaint might be questioned successfully for the first time on appeal, because of this omission. There was a special finding of facts and conclusions of law stated thereon, and it was contended that the defect in the complaint was not available on appeal. The court discussed the question as to the proper effect to be given to the special findings in a case where the trial court has overruled a demurrer to an insufficient paragraph of complaint or answer, making reference to *Smith* v. *Wells Mfg. Co.* (1897), 148 Ind. 333, where the overruling of a demurrer to the second paragraph of answer was held to be harmless, if erroneous, because it was observed that the special findings followed the facts alleged in the third paragraph of answer, and a correct statement of the law might be made upon the facts pleaded in the second paragraph of answer, as they were found in the special findings.

Referring to *Smith* v. *Wells Mfg. Co., supra,* it was said, that the record in that case showed affirmatively that the error, if any, in overruling the demurrer to the second paragraph of answer was harmless, and that in such case the Supreme Court will not consider the sufficiency of such paragraph. The second paragraph of answer in that case did not merely omit an essential ingredient in an otherwise sufficient defense pleaded, but was based upon what, in that and other cases in the same court, was held to be a false theory of the law.

In the case of *Martin* v. *Cauble* (1880), 72 Ind. 67, also cited in *Goodwine* v. *Cadwallader, supra,* the action of the court in overruling a demurrer to the first paragraph of the

complaint was held to be immaterial upon an examination of the special findings.

It is said in *Goodwine* v. *Cadwallader, supra:* "If an averment essential to the sufficiency of a pleading is omitted therefrom, and the special finding finds said omitted averment, which, if it had been contained in the pleading, would have rendered the same sufficient, this will not supply the allegation omitted, or otherwise cure the defect in the complaint, for the reason that such a finding is outside the issues, and must be disregarded. *Cleveland, etc., R. Co.* v. *Parker* [1900], 154 Ind. 153; *Louisville, etc., R. Co.* v. *Bates* [1897], 146 Ind. 564, 570, 571; *Fisher* v. *Louisville, etc., R. Co.* [1897], 146 Ind. 558, 561, and cases cited; *Citizens Nat. Bank* v. *Judy* [1896], 146 Ind. 322, 349; *Willis* v. *Crowder* [1893], 134 Ind. 515, 518; *Burton* v. *Morrow* [1892], 133 Ind. 221, 226."

In *Burton* v. *Morrow, supra,* there was not involved any question as to the sufficiency of any pleading, either on demurrer or after verdict. The remark, on page 226, that "if the special findings embrace findings upon matters not proper or competent to be considered by the court, or of facts which could only be established by considering incompetent evidence, such portion of the findings should be disregarded, and can not legitimately form a basis for a conclusion of law," was made with reference to facts which could only be established by evidence contradicting or varying by parol the terms of a written contract complete in itself. Such facts could not be considered under any form of pleading. The court determined that the record before it did not present such a case, and that the evidence in question was properly admitted, and the facts which it established were properly considered by the court and were properly embodied in the special findings.

In *Willis* v. *Crowder, supra,* there was no question upon any pleading. The finding which it was held should be disregarded was said to be the statement of a fact "not

within any proper issue." It was a fact of no potency under any form of pleading.

*Citizens Nat. Bank* v. *Judy, supra,* is distinguishable. A conclusion of law declared the right of a cross-complainant to reformation of his mortgage, so as to cover certain land as to which he made no claim in his pleading, and as to which there was no issue. A portion of land to which the special findings related, the subject-matter, was not involved in the suit for reformation. The sufficiency of the complaint was not questioned, because matter so included in the special findings was not covered by the pleading.

In *Fisher* v. *Louisville, etc., R. Co., supra,* there does not appear to have been any material matter lacking in the complaint. The judgment was affirmed because the special verdict did not show facts enough to uphold the complaint.

In *Louisville, etc., R. Co.* v. *Bates, supra,* there was no question as to the curing of defects in the complaint, the action of the trial court in overruling the demurrer thereto being approved on appeal.

In *Cleveland, etc., R. Co.* v. *Parker, supra,* a demurrer to the complaint for want of sufficient facts was overruled by the trial court. A material fact was not alleged in the complaint, and for this reason the judgment was reversed, with direction to sustain the demurrer.

In *Brumbaugh* v. *Richcreek* (1891), 127 Ind. 240, 22 Am. St. 649, also cited in *Goodwine* v. *Cadwallader, supra,* the question was upon the action of the court in overruling a demurrer to the complaint; and in *American Ins. Co.* v. *Replogle* (1888), 114 Ind. 1, 7, the rule approved was that the sufficiency of a paragraph of pleading, when demurred to, must be determined upon the facts stated therein, and not upon matters elsewhere appearing in the record.

In *Smith* v. *Smith* (1886), 106 Ind. 43, a case mentioned in *Goodwine* v. *Cadwallader, supra,* the court had occasion to distinguish between an assignment that the court below erred in overruling the demurrer to the com-

plaint, and an assignment that the complaint does not state facts sufficient to constitute a cause of action, and said of the latter: "Of course, such assignment of error questions the sufficiency of the complaint, after verdict and judgment thereon, with all the curative virtues and all the presumptions indulged in their favor and support, for the first time in this court."

In *Runner* v. *Scott* (1898), 150 Ind. 441, 443, also referred to in *Goodwine* v. *Cadwallader, supra,* it was said that a party by excepting to the conclusions of law might, perhaps, be held to have waived any error in the finding consisting of the statement therein of a fact not within the issues, by admitting that the facts had been correctly found, "which waiver would include, of course, an admission that the facts found were within the issues."

If special findings may be allowed to show on appeal that errors in rulings on pleadings were harmless, we can see no sufficient reason why the want of an allegation of a fact constituting an ingredient in the cause of action, otherwise sufficiently shown in a complaint, to the omission of which the court's attention has not been directed, may not properly be regarded as waived by a defendant who has excepted to the conclusions of law in a special finding containing a statement of such fact, and who attacks the complaint for the first time upon appeal. Not only does this seem to be reasonable and conducive to the fair administration of justice, but such a rule seems to be required by the statutes.

It is the spirit of the law that courts will exercise such authority as will promote the cause of justice and prevent wrong. *Buchanan* v. *Milligan* (1886), 108 Ind.

2. 433, 435. Our failure on the original hearing to take notice of the case of *Goodwine* v. *Cadwallader, supra,* was not in any way chargeable to the learned counsel for the appellant, who, as our rules permit, had cited it as an additional authority after the time for filing briefs had expired. This memorandum, being one of a number of

such papers filed by both parties, escaped the attention of the writer of the opinion, who also failed to discover the case in his investigation. After further examination, we are convinced that the conclusion reached in our original opinion is supported by reason and the weight of authority, and is in agreement with the purpose of the legislature.

For the reasons herein expressed, and upon the grounds shown in our original opinion, we will grant a rehearing, and, under the provision of §1337j Burns 1901, cl. 3. 1, Acts 1901, p. 565, §10, will transfer the cause to the Supreme Court for its further consideration of the question of practice involved.

It is accordingly so ordered. Henley, C. J., concurs in the granting of a rehearing, but as to the order transferring the cause, dissents.