MARY A. REAVES and others *v.* ORE KNOB COPPER COMPANY.

A deed as follows: "This deed witnesseth that I J. H., have this day *sold* and by these presents do convey unto G. R. one-sixteenth part of my half of all the mineral contained in a certain tract of land, &c. This deed therefore is, that I convey unto the said G. R. and his heirs and assigns forever, one-sixteenth part, &c.," shows upon its face that the grantor intended to convey the mines and minerals in and upon said land, and the word 'sold" in the connection in which it is used, *ex vi termini*, imports a valuable consideration, and rebuts the presumption of a resulting use to the grantor, which would defeat the operation of the deed.

CASE AGREED, tried before *Mitchell, J.*, at Spring Term, 1872, of ASHE Superior Court.

The plaintiffs, all heirs-at law, of one Jesse B. Reaves, claim that they are tenants in common with the defendant, and have title to one thirty-second part of certain lands, described in the complaint, and ask that their share may be declared, and the premises sold for the purpose of making partition.

The defendant denies the tenancy in common, and alleges sole seisure in itself, and for the purpose of settling the right of the parties, all questions as to the jurisdiction of the court are waived.

It is admitted that the title to the lands and minerals in controversy, was originally in one Jesse B. Reaves, the ancestor of the plaintiffs, and that the defendant claims the same through mesne conveyances.

All these lands, land and minerals, by mesne conveyances, dating back to 1854, are owned by the defendant, except the one-thirty-second part thereof which is the subject-matter of this controversy.

On the 15th day of August, 1853, Jesse B. Reaves did assign and deliver to one George T. Reaves a paper writing, purporting to be a deed, and purporting to convey one thirty-second part of the minerals in said land to said Reaves, being that part now in controversy. Of which paper writing, the following is a copy:

"This deed witnesseth, that I, Jesse B. Reaves have this day sold, and by their presents, do convey unto George T. Reaves one-sixteenth part of my half of all the mineral that is in a certain tract of land, Peak's creek, in the county of Ashe and State of North Carolina, and known as the Ore Knob, containing fifty acres; that John W. Martin has purchased the half of said mineral from me. This deed therefore is, that I convey unto the said George T. Reaves and his heirs and assigns forever, one-sixteenth part of my half of all the minerals of all kinds that said tract of land may contain, to him and his heirs forever. In testimony whereof, I have hereunto set my hand and affixed my seal, this 16th day of August, 1853.

Enterlined before assigned.

　　　　[Signed]　　　J. B. REAVES, [SEAL.]

Attest:

　A. B. McMILLAN, Jurat.

Jesse B. Reaves died intestate in the year 1863, and the plaintiffs are his heirs-at-law, and as such entitled to the one thirty-second part, as claimed, unless their title was divested by the foregoing deed, which was not registered until the year 1875. It is admitted that the land remained unoccupied from the year 1859, until 1872, when the defendant took deeds for all the shares in said land, the share in controversy being purchased from George T. Reaves.

His Honor, after argument, rendered judgment in favor of the defendant, and the plaintiff appealed.

*Scott & Caldwell*, for appellant.
*Folk & Armfield*, *Smith & Strong* and *Jones*, contra.

PEARSON C. J. It is settled, that under the Act, 1715, a deed duly registered has the effect of a feoffment; and no consideration is necessary in order to pass the legal estate.

It was conceded on the argument, mines and minerals not severed from the land, are land, and may be conveyed in the same way, and will descend in the same way.

So the case turns upon the effect of the deed, Jesse H. Reaves to George T. Reaves, set out in the case.

The plaintiff takes the position, the deed was made without consideration, and there being no declaration of a use, there was a resulting use in the grantor which drew back the legal estate.

It is familiar learning, if a feoffment be made for consideration, the feoffee acquires title. If a feoffment be made without consideration, the feoffor may declare the uses, or he may reserve to himself a power to declare the uses at any future time, or he may give to another the power to declare uses, and so much of the use as is not thus disposed of, results to the feoffor. If there be no declaration of a use and no power of appointment, it follows that the entire use results to the feoffor. The statute brings to it the entire legal estate; the feoffment has no practical effect and was a vain thing.

The plaintiffs' counsel, in a very learned argument, contends that such is the case in regard to the operation of the deed under consideration.

It is insisted for the defendant, the deed was made for a valuable consideration; and he relies upon the words, "This deed witnesseth that I, Jesse H. Reaves *have this day sold* and by these presents do convey unto George T. Reaves," &c.

So the case is narrowed down to this, does the import and meaning of the words "have this day sold" rebut the presumption of a resulting use in the feoffor which would draw back the legal title ?

We have seen that a declaration of a use, or a power of appointment rebuts the presumption of a resulting use, except as to so much of the use as is not disposed of. It is learning equally familiar, if A buys and pays for a tract of land and directs title to be made to B without a declaration of the use, there is a resulting use to A; but if B is the son of A, the relation rebuts the presumption of a resulting use ; so if a father makes a feoffment to a son, the relation rebuts the presumption of a resulting use.

The whole current of the authorities show that the court seizes upon any circumstance to rebut the presumption of a resulting use, when no part of the use is disposed of, under the maxim " *ut res magis valeat quam pereat*," and will not readily come to the conclusion that the parties have done an idle act.

This deed shows upon its face that Jesse Reaves intended to convey the "mines and minerals" to George Reaves; and as we think the word "sold" in the connection in which it is used, imports, *ex vi termini*, that the deed was made for a valuable consideration, so as to rebut the presumption of a resulting use, which would defeat the operation of the deed and make the action of the parties a vain thing. There is no error. Judgment below affirmed.

Per Curiam.                                        Judgment affirmed.