Woodward *et al. v.* Mitchell *et ux.*

---

No. 16,885.

## WOODWARD ET AL. *v.* MITCHELL ET UX.

PRACTICE.—*Special Finding or Verdict Curing Error in Ruling on Demurrers.*—Errors in overruling demurrers to pleadings, if there be a special finding or special verdict, may be cured by a proper statement or declaration of the law upon the facts found, but errors in sustaining demurrers can not thus be cured.

SAME.—*Special Findings Outside Issues.*—If a fact is embraced in the special finding which is not embraced in the pleadings, it can not be considered in rendering judgment.

EVIDENCE.—*Parol to Vary Written Contract.*—Parol testimony can not be received to change or vary, take from or add to, a written contract in the absence of fraud or mistake.

LEASE.—*Forfeiture for Failure to Operate Under Mining Lease.*—*Inability to Operate Under Lease.*—A lease of land for twenty years for mining purposes, providing that if the enterprise should be abandoned for twelve months it should cease and become null and void, the lessor receiving a certain part of the net profits arising from operating under the lease, is forfeited by a failure to commence such mining operations within twelve months after the term of the lease began, although no time is specified when the work shall begin, an inability to proceed with the work is no defense.

QUIETING TITLE.—*Complaint, What May be Proven Under.*—*Lease, Forfeiture.*—Under an ordinary complaint to quiet title, alleging in gen-

eral terms that the plaintiff is the owner in fee simple of the land described, and that the defendant claims an unfounded interest in such land, accompanied by a prayer to quiet title, the plaintiff may show that the defendant is the grantee of a lease which has been forfeited by reason of his failure to operate thereunder.

SAME.—*New Trial as of Right.—Cancellation of Lease.*—A new trial as a matter of right may be granted under the statute, even though the action is brought to cancel a lease which is a cloud on the title to the land described in the complaint.

From the Morgan Circuit Court.

*A. M. Cunning, H. C. Duncan* and *I. C. Batman,* for appellants.

*J. H. Louden* and *W. P. Rogers,* for appellees.

McCABE, J.—The appellees sued the appellants in the Monroe Circuit Court to avoid a lease of certain real estate in Monroe county. Issues were formed upon the complaint in that court, wherein a trial thereof resulted in a special finding of the facts by the court, upon which it stated conclusions of law in favor of appellants, who had judgment accordingly. Appellees moved the court to set aside the judgment and grant a new trial as of right under the statute, which motion the court sustained, set aside the judgment and granted the appellees a new trial as a matter of right.

The venue was changed to the Morgan Circuit Court, where a trial resulted in another special finding of the facts, whereon that court stated its conclusions of law in favor of the appellees, and they had judgment accordingly.

It is assigned for error that the Monroe Circuit Court erred in overruling demurrers to the first and second paragraphs of the complaint in granting appellees a new trial as of right, and that the Morgan Circuit Court erred in its conclusions of law.

It has been frequently decided by this court that errors in overruling demurrers to pleadings, where there

is a special finding or special verdict, are not material, as a correct statement or declaration of the law upon the facts found would correct the error, if any there had been, committed in the rulings upon the demurrers. For this reason we do not consider the sufficiency of the different paragraphs of the complaint.

This rule does not apply where the demurrer has been sustained, because in that case the facts stated in the pleading demurred to can not get into the finding or verdict legitimately. And if facts not alleged in the pleading are stated in the finding they can not be considered in rendering the judgment thereon.

It is earnestly contended by the appellants that the Monroe Circuit Court erred in granting a new trial as of right. The theory on which that court granted the motion was that the action was one to quiet title. The appellees' counsel contend that such is not the nature of the action, or, if the complaint embraces a cause of action to quiet title, it also embraces another cause of action, namely: an action to cancel and forfeit a lease, and that as the statute does not allow a new trial as of right in the latter sort of action the court could not rightfully grant a new trial as of right as to any part of the case.

The substance of the complaint is that the appellees, on April 25, 1888, were the owners and in possession of the N. W. ¼ E. ½ of N. E. ¼ section 5 town. 7 range 1 west, and that on that day they executed to John B. Crafton, William R. Woodward and Samuel M. Mathers a lease on the same for the sole purpose of mining, and removing therefrom, coal, stone, gas, water, oil, minerals and metals. A copy of said lease is made a part of the complaint by insertion into the body of the complaint, and reads as follows, to wit:

"This agreement and indenture, made and entered into this the 25th day of April, 1888, by and between J.

M. Mitchell and Judy Mitchell, parties of the first part, and as lessees herein, and John B. Crafton, Samuel M. Mathers and W. R. Woodward, parties of the second part, as the lessees herein, witnesseth, that the said parties of the first part, for and in consideration of $1 in hand paid, and the agreements, covenants, rents and royalties hereinafter made and provided for, do by these presents hereby demise, lease and let unto said parties of the second part, for the sole purpose of mining and removing coal, stone, gas, water, oil, mineral and metals of every kind thereunder, the following tract　*　*　of land situate in Monroe county, in the State of Indiana, to wit:　The N. W. ¼ of E. ½ of N. E. ¼ of sect. 5, town. 7 N., R. 1 west, containing 20 acres.

"The terms of this lease and the estate herein granted shall begin on the 25th day of April, 1888, and shall continue for 20 years, provided said enterprise shall be abandoned 12 months, then said lease shall be null and void; and said lessees further covenant and agree to pay said lessor one-tenth part of the net profits arising from such operations.

"It is further agreed by the parties hereto that the lessees aforesaid shall have the right to enter upon said premises at any time for the purpose of prospecting and selecting a location for opening mines or wells, and for that purpose shall have the right to take therefrom coal, stone, minerals, gas, water, oils or metals for the purpose of testing the same.

"It is further agreed that all the covenants, stipulations and remedies contained and provided for in this instrument, shall run with and follow this lease and the estate granted, and shall apply to, vest in and operate upon the heirs, representatives and assigns and grantees of the parties hereto.

"It is further agreed that in case of the termination

of this lease, either by expiration or forfeiture, said lessees shall have the right to remove all buildings, machinery, tracks and fixtures which they have put or caused to be put upon said premises: *Provided*, That they shall first pay said lessor the money which they may owe to said lessors under this lease, and said lessees shall not be held liable for any damages for opening stone quarries, sinking wells or other work done in pursuance of this lease, and the payment of the lessors of the said one-tenth part of the net profits arising from the operations of quarries and wells shall be in full of all demands under this lease.

"In witness, etc.　　　Signed,

"J. M. MITCHELL.

"JUDY MITCHELL.

"JOHN B. CRAFTON.

"SAMUEL M. MATHERS.

"W. R. WOODWARD."

Then follows an acknowledgment of the execution of the lease before Lewis N. Williams, a notary public.

That by the terms of said lease the same was to continue 20 years, provided that if said enterprise shall be abandoned for 12 months, then said lease shall be null and void; that said lease was duly recorded in the recorder's office of Monroe county on the day of its execution; that on the —— day of ——, 1888, Samuel M. Mathers sold and assigned his interest in said lease to John B. Crafton, and said defendant Adams purchased some interest therein; that two years and nine months have elapsed since said lease was executed, and as yet said defendants have done no mining or anything else on said real estate, but have entirely abandoned said enterprise, and, by the terms of said lease, the same is null and void; that said plaintiffs notified said defendants, on the 7th day of February, 1891, that plaintiffs claimed

that said lease and contract was null and void by virtue of the terms thereof, and asked said defendants to release the same on the record in the said office of said recorder, which said defendants refused to do, and still refuse to do so, and the same remains of record unsatisfied, and is a cloud upon the plaintiffs' title to said real estate.    Wherefore, etc.

The second paragraph is in all respects similar to the first, the substance of which is set forth above, except in the second it is alleged as to the forfeiture clause that "said parties to said lease agreed, and such was the understanding and agreement by and between said parties that, in the event work was not commenced on the land within 12 months from the 25th day of April, 1888, or, if commenced, was subsequently abandoned for a period of 12 months, then said lease was to be null and void."

It is contended that these allegations amount to an attempt to change and vary the terms of a written contract by allegation and proof of oral contemporaneous stipulations and understandings inconsistent with the terms of the written contract. No principle is more firmly settled than that such testimony can not be received to change or vary, take from or add to a written contract in the absence of fraud or mistake. *Cole* v. *Gray,* 139 Ind. 396, and authorities there cited.

Counsel's contention is that the enterprise could not be abandoned unless it had been begun. They insist that the meaning of the contract is that the lease continues to subsist for the full term of twenty years, though not a single thing is done under it on the land, and even though no intention exists on the part of the lessees to do anything under the terms thereof. We think it quite clear that such was not the intent of the parties, as gathered from the lease itself. No reason is perceived why it would not be as injurious to the lessors to fail to com-

mence operating the mines and quarries for 12 months, as to cease operating them after beginning, for a period of 12 months. We think it was clearly contemplated by the parties that a mining and quarrying enterprise was entered upon by the execution and acceptance of the lease, and if nothing more was done within 12 months after its execution, it would be an abandonment of the enterprise for 12 months within the meaning of the contract. And, therefore, the lessors, on such failure or abandonment, had a right to have the apparent incumbrance on their title judicially decreed void.

In *Ragsdale* v. *Mitchell*, 97 Ind. 458 (461), it was said: "The action to quiet title, provided by the statute, is an extension of the equity doctrine, which settled titles under a proceeding called a bill of peace. *Curtis* v. *Suteer*, 15 Cal. 259; *Green* v. *Glynn*, 71 Ind. 336.

"Under the equity rule, a bill of peace would lie only where the complainant was in possession; but under the statute an action may be maintained by an owner whether in or out of possession. The object of the action given by the statute is substantially the same as that of a bill of peace, namely, to settle the title of the plaintiff and clear it from all claims of the defendant. * * * An action to quiet title does not merely settle title so far as to invest the plaintiff with possession. It does much more than this when successfully prosecuted; it sweeps away all claims and liens which impair the complainant's title. * * The effect of a decree in an action to quiet title is to free the land from all claims of the defendant, and it is a conclusive adjudication upon all conflicting claims to the land." Citing *Green* v. *Glynn*, *supra;* *Hays* v. *Carr*, 83 Ind. 275; *Ulrich* v. *Drischell*, 88 Ind. 354; *Cooter* v. *Barton*, 89 Ind. 185; *Stumph* v. *Reger*, 92 Ind. 286.

Had the complaint in this case been in the ordinary

form, alleging in general terms that the complainants were the owners in fee simple of the land in controversy, describing it, and alleging that the appellants claimed some interest therein, which claim was unfounded, with a prayer that their title be quieted, no one can deny that, on proof of the facts specifically alleged in the complaint as it now stands, a decree quieting their title would have been fully justified. Therefore, it follows that the action was one to quiet title because it is always the facts which are alleged that give character to the action and not what the parties may see fit to call it in the pleading. *Searle* v. *Whipperman*, 79 Ind. 424; *Johnson* v. *Hosford*, 110 Ind. 572; *Houck* v. *Graham*, 106 Ind. 195; *Louisville, etc., R. W. Co.* v. *Thompson, Admr.*, 107 Ind. 442; *Henry, Admr.,* v. *Stevens*, 108 Ind. 281.

Nor do we think there were two causes of action embraced in the complaint. It contained but one cause of action, and that was one to quiet title.

The special finding in the Morgan Circuit Court is, in substance, that the facts alleged in the complaint are true. The other facts found therein that the appellants had taken other leases on other land in the vicinity of the same character, and to the effect that they were working those leases and were approaching these lands as fast as they could, and that they could not work these lands for want of railroad facilities, constituted no excuse for their failure to work them within 12 months, in accordance with the terms of their contract.

The conclusions of law in the Morgan Circuit Court are to the effect that the law is with the appellees and that they are entitled to recover in the action; that the contract and lease in suit are null and void and should be cancelled and satisfied, and appellees' title in and to the land in suit should be quieted in them and appellants and each of them should be enjoined from setting

up or asserting any claim to or upon said land by reason of said contract or lease.

It follows from what we have said, that the Monroe Circuit Court did not err in granting a new trial as a matter of right, and that the Morgan Circuit Court did not err in its conclusions of law.

The judgment is, therefore, affirmed.

JORDAN, J., took no part in the decision of this cause.

Filed Jan. 8, 1895.