## RADEBAUGH v. SCANLAN.

[No. 6,147. Filed November 20, 1907. Rehearing denied January 28, 1908.]

1. APPEAL.—*Special Findings.—When Defective Complaint Cured by.*—The special findings may show that the overruling of a demurrer to a defective paragraph of complaint or answer was harmless, where such findings follow and sustain another sufficient paragraph, but such rule does not apply where the complaint or answer consists of a single paragraph. *Woodward v. Mitchell*, 140 Ind. 406, having been overruled. p. 112.

2. PLEADING.—*Complaint.—Reformation.—Deeds.*—A complaint for the reformation of a deed must show (1) a prior contract, upon a valuable consideration, between the parties, requiring the execution of a deed as prayed, (2) the execution of a substantially different deed, (3) an intention by all of the parties to execute the deed as contracted for, and (4) a mistake common to all of the parties in the execution of the deed sought to be corrected. p. 114.

3. REFORMATION.—*Mistakes of Law and Fact.—Deeds.*—Equity will reform a deed made under a mutual mistake of fact or of law. p. 115.

4. PLEADING.—*Complaint.—Sufficiency.*—A complaint is sufficient under the Indiana statute (§343 Burns 1908, §338 R. S. 1881), where the language used enables a person of common understanding to know what is intended. p. 115.

5. WORDS AND PHRASES.—*"Sale."*—A "sale" imports a contract, upon a valuable consideration, between two or more persons for the transfer of property. p. 116.

6. SAME.—*"Sold."*—The word "sold" implies a contract of sale, founded upon a valuable consideration. p. 117.

7. SAME.—*"Attempt."*—The word "attempt" imports the performance of an act to carry out some purpose. p. 117

8. SAME.—*"Convey."—Deeds.*—The word "convey" imports the transfer of property from one to another by means of a writing, and, when applied to real estate, imports a writing under seal. p. 117.

9. PLEADING.—*Cross-Complaint.—Reformation.—Deeds.*—A cross-complaint alleging that the cross-defendant and her husband "sold" and "attempted to convey" certain real estate to cross-complainant's grantor; that the deed therefor was duly signed and acknowledged by both, but by the mutual mistake of the parties and the notary, the name of the wife was not inserted in the body of the deed, the deed being set out, and praying for reformation of such deed and quieting plaintiff's title, is sufficient. p. 117.

10. TRIAL.—*Special Findings.—When Deemed Amended on Appeal.—Reformation.—Deeds.*—Where the cross-complaint alleged that the husband and wife sold the premises in controversy to cross-complainant's grantor, and the special findings show that the husband sold such premises, the conclusions of law being for the cross-complainant, such special findings will be deemed amended on appeal to show that both sold such property. p. 118.

From Rush Circuit Court; *Will M. Sparks*, Judge.

Suit by Elizabeth Radebaugh against Michael Scanlan. From a decree for defendant on his cross-complaint, plaintiff appeals. *Affirmed.*

*Magee & Kiplinger,* for appellant.
*Smith, Cambern & Smith,* for appellee.

RABB, J.—The appellant brought this suit in the court below for the partition of lot twenty-four in Smith & Carr's addition to the city of Rushville, claiming to be the owner of the undivided one-third thereof by virtue of her marital right as the widow of John S. Radebaugh. The appellee filed several paragraphs of answer to this complaint, and also a cross-complaint. The cross-complaint alleged that on October 23, 1866, John S. Radebaugh was the husband of the plaintiff, and was at the time the owner of the lot in question, and that on said day said John S. Radebaugh and plaintiff sold and attempted to convey said real estate to James Goddard; that the deed therefor was duly signed and acknowledged by said John S. Radebaugh and Elizabeth Radebaugh, but that by the mutual mistake of the parties and of the notary who wrote the deed the notary failed to insert the name of said Elizabeth in the body of said deed; that said deed and its acknowledgment are in the following words:

"This indenture witnesseth that John S. Radebaugh, of Rush county, in the State of Indiana, conveys and warrants to James Goddard, in Rush county, in the State of Indiana, for the sum of $2,000, the following real estate in Rush county, in the State of Indiana, to wit: Town lots No. 24 and No. 25 in Mathew Smith's addition to the town of Rushville, and the south half of town lot No. 200 in West Rushville, as known and designated on the recorded plats of said additions to Rushville, and town lot No. 67 in Roland T. Carr's addition to the town of Rushville, aforesaid. In witness whereof said John S. Radebaugh has hereunto set his hand and seal this 23d day of October, 1866.

> [Seal.]     John S. Radebaugh.
> Her
> [Seal.]     Elizabeth (X) Radebaugh.
> Mark

"State of Indiana, Rush County, ss:
"Before me, Hugh M. Spalding, a notary public in and for said county, this 23d day of October, 1866,

John S. Radebaugh acknowledged the execution of the annexed deed.

Witness my hand and notarial seal.

[Seal.]　　Hugh M. Spalding, notary public.

State of Indiana, Rush County, ss:

Before me, a notary public in and for said county, this 5th day of November, 1866, Elizabeth Radebaugh acknowledged the execution of the annexed deed.

Witness my hand and official seal.

[Seal.]　　John R. Mitchell, notary public."

There is a prayer that the mistake be corrected, and the cross-complaint's title to the premises quieted. Appellant's demurrer to this cross-complaint was overruled and exceptions reserved and answers filed thereto; and issues formed on the complaint, answer, reply, cross-complaint and answer thereto, were submitted to the court for trial, with the request from appellant that the court make special findings and state conclusions of law thereon.

Special findings were made by the court and conclusions of law stated thereon favorable to appellee, to which conclusions of law the appellant at the proper time excepted, and a decree in favor of appellee on his cross-complaint was rendered. The error assigned and relied on by appellant for the reversal in this court is the overruling of appellant's demurrer to the cross-complaint.

Appellee contends that under the authority of *Woodward* v. *Mitchell* (1895), 140 Ind. 406, no question as to the sufficiency of appellee's cross-complaint arises, for the

1. reason that the special findings were made by the court, and conclusions of law stated thereon, and that the special findings take the place of the cross-complaint, and the rights of the parties are to be governed by the facts as they appear in the special findings. So far as this case supports appellee's contention it has been overruled by the case of *Goodwine* v. *Cadwallader* (1903), 158 Ind. 202. While the case of *Woodward* v. *Mitchell, supra,* was not directly re-

ferred to in the case of *Goodwine* v. *Cadwallader, supra,* the question decided and doctrine announced in the latter case are in square antagonism to appellee's contention. In the case of *Goodwine* v. *Cadwallader, supra,* it was sought to aid the complaint by facts appearing in the special findings, and the court, by Monks, J., said, in deciding that point: "Appellee insists that, there being a special finding of facts and conclusions of law thereon, such defect in the complaint is not available in this court. It is true that, where there is a special finding, the facts found may show that the action of the court in overruling a demurrer to a paragraph of complaint or answer was harmless; but this is only true where there is some other paragraph of the complaint or answer which is sufficient, which the special finding follows and sustains. In other words, where the facts found and conclusions of law stated show they sustain and rest upon a good paragraph of complaint or answer, and the judgment is rendered thereon, the error of the court in overruling a demurrer to other paragraphs of complaint or answer is harmless, because the record affirmatively shows that the judgment rests upon the good, and not the insufficient paragraph." The same rule is announced in the following cases: *Pittsburgh, etc., R. Co.* v. *Moore* (1899), 152 Ind. 345; *American Ins. Co.* v. *Replogle* (1888), 114 Ind. 1; *McComas* v. *Haas* (1884), 93 Ind. 276.

The special findings, the conclusions of law thereon, and the judgment of the court in this case, being based solely on the appellee's cross-complaint, and appellant's demurrer for want of facts having been overruled thereto, the sufficiency of this pleading is necessarily presented by the record. The pleading shows upon its face that unless the cross-complainant is entitled to a reformation of the deed set forth in the cross-complaint, the demurrer thereto should have been sustained. The case of *Parish* v. *Camplin* (1894), 139 Ind. 1. is authority for the proposition that mistakes made in deeds

and mortgages of the character sought to be corrected here may, upon a proper showing, be corrected.

Appellant contends that the cross-complaint under consideration, if good at all, must be upheld upon the ground that it seeks a correction of the deed from appellant and her husband to Goddard; that, unless this deed is corrected, the answer affirmatively shows title to one-third of the premises in her.   Upon this premise she contends that the cross-complaint is bad for the reason that it fails to allege a previous definite contract between the parties to the deed by which appellant and her husband were bound to execute to Goddard a deed for the real estate in dispute; that it fails to allege an intention on the part of the parties to the deed, or an intention on the part of the appellant to make any different deed from the one she did sign, and which is set out in the cross-complaint; that it fails to allege that the parties were ignorant of the alleged mistake, or, in other words, that the mistake was one of fact and not of law, and that it fails to show that Goddard was a purchaser for value.

To entitle a party to appeal to a court of equity for the correction of a mistake made in a deed of conveyance of real estate, of the character of the one involved in this case, it is essential that the complaint shall exhibit: (1)   A previous contract between the parties to the deed, founded upon a valuable consideration, requiring the execution of a deed of the kind, character and terms the plaintiff claims should have been made; (2) the execution of a deed substantially different in character and terms from the one the contract of the parties called for; (3) that, in executing such deed, all the parties thereto meant and intended thereby to execute a deed, in character and terms, called for by the contract between them; (4) a mistake common to all of the parties to the deed, either as to the legal effect of the instrument they had executed, or a mistake of some fact with reference to the form, terms or conditions contained in the instrument.

However, it was not necessary that the complaint should show that the mistake under which the parties labored was a mistake of fact. If all of the parties meant and in-

3.  tended by the deed in question to convey the entire interest of both the husband and wife to Goddard by the deed executed, and if they were laboring under the mistaken belief that the deed executed by them and received by the grantee did effect that purpose, then this mistake, although a mistake of law, clearly entitles the parties to a correction of the deed, to make it carry out their intentions.

This is well settled in the case of *Parish* v. *Camplin, supra,* where the court, in deciding a question of this precise nature, said: "If this was a mistake of law, a mistake as to the legal effect of the deed, it was such an one as was common to all the parties affected. 'It has been said that whenever a mistake of law is common to all the parties, where they all act under the same misapprehension of the law, and make substantially the same mistake concerning it, this is a sufficient ground, without any other incidents, for the interposition of equity.' 2 Pomeroy, Eq. Jurisp. (3d ed.), §846. * * * Equity requires an amendment of the writing that will make the contract what the parties supposed it was and intended it should be, although their mistake is one of law and not of fact."

Section 343 Burns 1908, §338 R. S. 1881, provides that the complaint shall contain "a statement of the facts constitut-

ing the cause of action, in plain and concise language,

4.  without repetition, and in such manner as to enable a person of common understanding to know what is intended."

Section 385 Burns 1908, §376 R. S. 1881, provides: "In the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed; with a view to substantial justice between the parties."

Having in view these statutory rules for the construction of pleadings, we are to determine whether the cross-

complaint in this case contains such allegations that a person of common understanding would know from them that it was intended by the pleader to charge that a prior contract, for a valuable consideration, had been made between the parties to the deed in question, or either of them, and the grantee Goddard, for the conveyance by them to Goddard of all their title and estate to the premises in dispute; that such contract was founded upon a valuable consideration; that a deed for the premises was executed by the appellant and her husband to Goddard, as averred in the complaint, with the name of the appellant omitted from the body of the deed; that it was the purpose and intention of the appellant and her husband and of Goddard, in the execution by the appellant and her husband of said instrument, and its reception by Goddard, to convey to Goddard all of the estate of both the appellant and her husband in and to the premises; and that at the time of the execution of said instrument all the parties thereto either believed that as a fact the name of the appellant was contained in the granting clause of the deed, or were laboring under the mistake of law that the deed, in the form as executed, was sufficient to convey the property to Goddard as the contract contemplated. The cross-complaint under consideration directly avers that John S. Radebaugh and Elizabeth Radebaugh (who was previously averred to be the wife of John S.), sold and attempted to convey said real estate (previously described) to James Goddard. What would this language mean to a person of common understanding?

The word "sale" is defined to be "a contract for the transfer of property from one person to another, for a valuable consideration." Anderson's Law Dict., p. 914. This court, in the case of *Micks* v. *Stevenson* (1899), 22 Ind. App. 475, quotes the following definition from 2 Kent's Comm. (12th ed.), *468, with approval: "A sale is a contract for the transfer of property from one person to another, for a valuable consideration; and three things are

requisite to its validity, viz: the thing sold, which is the object of the contract, the price, and the consent of the contracting parties.''

The word ''sold'' imports a contract of sale for a valuable consideration. Anderson's Law Dict., p. 914; *Reaves* v. *Ore Knob Copper Co.* (1876), 74 N. C. 593.

The word ''attempt'' is defined thus: To make an effort to effect an object; to make a trial or experiment; to use exertion for some purpose; to perform an act toward accomplishing a purpose. It can only be made by an actual deed done in pursuance and furtherance of a design. Anderson's Law Dict., p. 90; 3 Am. and Eng. Ency. Law (2d ed.); 249, and cases cited; *Prince* v. *State* (1860), 35 Ala. 367.

The word ''convey,'' ordinarily speaking, means to transfer property from one person to another by means of a written instrument. When spoken with reference to real estate it imports an instrument under seal. *Livermore* v. *Bagley* (1807), 3 Mass. 487, 510; *Abendroth* v. *Town of Greenwich* (1860), 29 Conn. 356; *Edelman* v. *Yeakel* (1857), 27 Pa. St. 26; Anderson's Law Dict., p. 254.

This being the plain meaning of the words that are used in the pleading under consideration, a person of common understanding must have known that the pleader intended to allege that John S. Radebaugh and Elizabeth Radebaugh had contracted, for a valuable consideration, to transfer to Goddard all their title and estate in the property in question, and that they had both signed the deed set out in the pleading, meaning and intending thereby effectually to convey their title and estate in said real estate to said Goddard.

This being the plain import of the language used in the pleading, it fully answers all the objections that are urged against it.

If Radebaugh and his wife sold, for a valuable consideration, the premises described in the complaint, and meant and

intended to convey the same to Goddard, and he meant and intended to receive from them a conveyance of the property, but through their mistake the name of the wife was inadvertently omitted from the body of the deed, Goddard or his grantees would have the right to have the mistake corrected, and the deed made to conform to the purpose and intention of the parties to the same; and, if the rights of no third persons intervened, the mere lapse of time would not deprive him of his remedy.

The cross-complaint was sufficient to withstand a demurrer. No serious objection is pointed out to the special findings. Then follows the cross-complaint. The only variation between the special findings and the cross-complaint is that the cross-complaint avers that John S. Radebaugh and Elizabeth Radebaugh sold the premises to James Goddard. The special findings say that John S. Radebaugh, the husband, sold the premises to Goddard. This is immaterial, and the pleading might have been amended after the finding, and will be considered as amended here in that respect.

The judgment is affirmed.