## BOLLENBACHER *v.* FOLEY ET AL.

[No. 9,568.   Filed December 11, 1918.]

1. REFORMATION OF INSTRUMENTS.—*Pleading.*—*Sufficiency.*—In a suit to quiet title, a cross-complaint seeking the reformation of deeds, and to quiet title to all the land of which the cross-complainant had possession under the deeds, was sufficient where it alleged a previous definite contract between the parties to the deed for a conveyance of the land in dispute, the intent to include such land in the deed, the ignorance of the parties of the mistake, and the payment of a valuable consideration.   p. 635.

2. PARTIES.—*Defects.*—*Waiver.*—The question as to a defect of parties was waived where the appellant failed to present his objection to the trial court.   p. 636.

3. VENDOR AND PURCHASER.—*Notice.*—*Possession.*—Where a cross-complainant took possession of land under a deed containing an incorrect description, and made permanent improvements thereon, including a permanent fence on the boundary in dispute, the plaintiff, who obtained the deed under which she claimed long after such improvements were made and with full knowledge of the facts, was not an innocent purchaser.   p. 636.

4. QUIETING TITLE.—*Title.*—A cross-complainant seeking to quiet title must recover on the strength of his own title.   p. 637.

From Monroe Circuit Court; *Charles J. Carpenter,* Special Judge.

Suit by Ella T. Bollenbacher against Arthur L. Foley and others, wherein the latter filed a cross-complaint. From a judgment for the defendant on his cross-complaint, the plaintiff appeals. *Affirmed.*

*Ira C. Batman, Robert G. Miller* and *James W. Blair,* for appellant.

*Edwin Corr,* for appellees.

IBACH, J.—Appellant's complaint against appellees was in two paragraphs. The first contained the usual averments in the ordinary suit to quiet title, and the second is in the usual form of an action in ejectment. Appellee Arthur L. Foley filed his separate answer and a cross-complaint against appellant in two paragraphs, in which he asked that two separate deeds executed to him by the common grantor of both parties be reformed and that his title be quieted to the land claimed by appellant. Appellant filed a demurrer with memorandum to the second paragraph of the cross-complaint, which was overruled and exception saved, and she then filed answer to each paragraph of cross-complaint and a reply to the separate answer of Arthur L. Foley, and said appellee filed his reply to the second and third paragraphs of appellant's answer to his cross-complaint.

There was a trial by the court with special finding of facts and conclusions of law. The conclusions of law were in appellee Arthur L. Foley's favor on his cross-complaint and judgment was rendered for him thereon.

The errors relied on for reversal arise out of the overruling of the demurrer to the second paragraph of the cross-complaint and the conclusions of law stated upon the finding of facts.

The facts, as found by the court, are in substance the following: For some years prior to the execution of the deeds involved in this controversy Eliza Alexander was the owner of certain real estate in the city of Bloomington described as Seminary lot 83. In 1898 she subdivided this lot into smaller tracts and placed stakes at the several corners thereof. Immediately thereafter appellee Arthur L. Foley purchased one of these lots, 58½ feet east and west, and 228 feet in depth, as located between two of said stakes for the sum of $800. The said Alexander undertook to execute a deed therefor, but by the mutual mistake of both parties the lot so purchased was described as being six feet farther east than its true location. The purchaser went into possession of the lot as designated by the stakes set at the corners thereof under the belief of both parties that it was the same lot described in the deed. In 1899 said Foley purchased an additional strip of land twelve feet in width and the same length as the former, adjoining and immediately to the west of it, and paid therefor the sum of $100. By mutual mistake of the parties this strip of land was likewise described in the deed as being six feet farther east than its true location. Appellee Foley took possession of this strip also upon the execution of the deed, according to its true location, erected a house on the first purchased lot, and on the twelve-foot strip made lasting and valuable improvements, among which was a stone and concrete wall within a few inches of the west side, upon a line agreed upon at that time by said Alexander and said appellee as being the true boundary line between their respective lands, and the said Arthur L. Foley has had since said agreement exclu-

sive and open possession of all of the real estate for 70½ feet immediately east of said fence under a claim of title through his said deeds. On March 21, 1905, the common grantor sold to appellant all and only so much of said Seminary lot 83 as lay west of said fence and boundary line, and executed to her a warranty deed for the same, but erroneously described the land as extending six feet farther east than the true boundary line of said lot.

Upon the facts so found, the court concluded that appellant was not entitled to have her title quieted to the lands described in her complaint, nor to the ejectment of appellees therefrom, and that appellee Arthur L. Foley is not entitled on his cross-complaint to have the deed first executed reformed; but that he is entitled to have the second deed reformed and corrected, and his title quieted thereto as prayed.

As to the first-alleged error, it is sufficient to say that appellee by his cross-complaint seeks a reformation of his deeds, and that the title to all the land purchased by him and of which he took possession be quieted. In such proceedings the pleading will be held sufficient if it appear therefrom that there was a previous definite contract between the parties to the deed for a conveyance of the land in dispute; that the parties thereto intended to include such land in such deed; that the parties were ignorant of the alleged mistake, or, in other words, that the mistake was one of fact and not of law, and that the purchase was made for a valuable consideration. Our examination of the pleading before us shows that all of these essential averments are present, and as against the objections pointed out in appellant's memorandum accompanying her demurrer

the cross-complaint is sufficient. *Radebaugh* v. *Scanlan* (1907), 41 Ind. App. 109, 114, 82 N. E. 544.

The first point presented by appellant's brief on the objections to the conclusions of law relates to alleged defects of parties, but no objection of this kind appears to have been made to the trial court, and is therefore waived. Such question could only have been raised either by demurrer upon that ground or answer in abatement, and could not be raised by exceptions to the conclusions of law. *Boseker* v. *Chamberlain* (1903), 160 Ind. 114, 66 N. E. 448; *Carskaddon* v. *Pine* (1900), 154 Ind. 410, 56 N. E. 844. See, also, *Warbritton* v. *Demorett* (1891), 129 Ind. 346, 348, 27 N. E. 730, 28 N. E. 613.

As to the second point, it is sufficient to say that the finding conclusively shows that appellee was a good-faith purchaser; that appellant obtained her deed with full knowledge that appellee had had exclusive and open possession of all the real estate described in his cross-complaint and had erected permanent improvements thereon, including a permanent wall or fence which fixed the western boundary line of his land, long prior to the date of appellant's alleged purchase. These facts are sufficient to furnish notice to all the world of appellee's claims, and no one could be said to be an innocent purchaser in opposition to such open and exclusive possession, or, as the rule is sometimes stated, if there be "circumstances which in the exercise of common reason and prudence ought to put a man on particular inquiry, he will be presumed to have made that inquiry and will be charged with notice of every fact which that inquiry would have given him." 34 Cyc 958.

So far as the findings are concerned which have to do with the correction of the description in appellant's deed, if such findings are open to that construction, they would be outside the issues and should be disregarded. But, in any event, they are not material for the reason that appellee must recover upon the strength of his own title, which we have heretofore shown was amply supported by the findings, and therefore the court did not err in its conclusions of law.

Judgment affirmed.

Batman, J., not participating.

NOTE.—Reported in 121 N. E. 124. See under (1) 34 Cyc 977; (3) 34 Cyc 958, 39 Cyc 1756.