### RANDOLPH *v.* KING ET AL.

[No. 10,345.  Filed April 22, 1920.  Rehearing denied October 7, 1920.  Transfer denied November 10, 1920.]

1. WORK AND LABOR.—*Action for Goods Sold Under Parol Contract.—Recovery on Written Contract.*—In an action to recover the amount due on goods sold and delivered under a parol contract upon a *quantum meruit,* plaintiff could recover even though the evidence showed that the goods were sold under special written contracts.  p. 70.

2. APPEAL.—*Review.—Affirmance.—Variance.*—In view of §400 Burns 1914, §391 R. S. 1881, providing that variance between pleading and proof shall be deemed immaterial, unless it misleads the adverse party to his prejudice, a cause will not be reversed because of variance between a pleading for a recovery on a parol contract for goods sold and proof of special written contracts, where it appears that such variance did not mislead defendant, and that the merits of the cause were fairly tried.  p. 71.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by Bernard King and another, trading as the King Coal Company, against James S. Randolph. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Edgar D. Randolph* and *Charles R. Milford,* for appellant.

*Harry C. Sheridan,* for appellees.

NICHOLS, C. J.—The complaint by appellees against appellant was on account for goods sold and delivered by them to appellant, as appears by the bill of particulars filed with the complaint, which showed appellant to be indebted to appellees in the sum of $747.36, with interest from April 10, 1916.

Appellant answered by general denial, and a second paragraph averring payment, to which he added a counterclaim, the first paragraph of which admits the purchase of the goods, which consisted of coke and the delivery of the same, but avers that prior to such purchase and delivery it was agreed between appellees and appellant that the coke should be well cleaned, dry and in good condition for shipment before it was shipped to various parties as directed by appellant, and that many cars were not in such condition when shipped, to appellant's damage. That appellant gave written orders, from time to time, for the coke mentioned in appellees' bill of particulars to their complaint, directing as to such coke and its condition and shipment as aforesaid. There is a demand for $225 damages.

The second paragraph avers an agreement by appellant to furnish coke to The Old Dominion Coal Company, and written orders therefor from time to time from such corporation, which written orders were forwarded to appellees, appellant notifying appellees of the orders by telephone, and that appellees received such statements without objection, and promised to fill them,

but later failed to do so, to appellant's damage in the sum of $550.

Appellees pleaded to the second paragraph of answer and the counterclaim by general denial, and the cause was tried by a jury, which returned a verdict for appellees on their complaint for $721.43, and against appellant on his counterclaim. Appellant filed a motion for a new trial, which was overruled, and judgment was rendered for appellees on the verdict.

Appellant, on appeal, under a general assignment of error that the court erred in overruling the motion for a new trial, contends that the verdict was contrary to law, that it was not sustained by sufficient evidence, and that the court erred in refusing to give instruction No. 1 tendered by appellant, which was to the effect that a number of the cars of coke in question were contracted for by written orders, accepted by appellees, which orders so accepted constituted contracts, and appellees, having declared on a parol or verbal contract, could not recover for any such items so sold by said written contracts.

Appellant's sole contention is that appellees based their action upon the amount due them for goods sold and delivered under a parol contract, upon a

1.   *quantum meruit*, and that the action should have been based upon the written orders. Though the written orders had constituted special written contracts, as claimed by appellant, which we do not decide, still the law is against him.

The case of *Jenney Electric Co.* v. *Branham* (1896), 145 Ind. 314, 41 N. E. 448, 33 L. R. A. 395, held that: "While the rule that one may plead the common count and recover, notwithstanding the evidence disclosed a special contract, would, upon first impression, seem to be at variance with the ordinary rules of pleading and practice, yet it has been repeatedly held that under our

code such recovery may be had." In addition to the authorities in that case cited, see *Board, etc.* v. *Gibson* (1902), 158 Ind. 471, 483, 63 N. E. 982; *Jackson* v. *Creek* (1911), 47 Ind. App. 541, 550, 94 N. E. 416; *Peden* v. *Scott* (1905), 35 Ind. App. 370, 73 N. E. 1099.

Section 400 Burns 1914, §391 R. S. 1881, provides that: "No variance between the allegations in a pleading and the proof is to be deemed material, unless

2. it have actually misled the adverse party, to his prejudice, in maintaining his action, or defense upon the merits." Even if there is a variance, as claimed by appellant, certainly appellant was not misled thereby, as appears by his counterclaim. The merits of the case were fairly tried, and appellant was not harmed by the alleged error, and the action of the trial court will not be disturbed. *Berkemeier* v. *State, ex rel.* (1909), 44 Ind. App. 1, 88 N. E. 634.

Judgment affirmed.