[Civ. No. 4043. Second Appellate District, Division Two.—July 18, 1923.]

ALBERT B. HOLSON, Appellant, v. JOHN T. BUTLER, Defendant; REBECCA J. BUTLER, Respondent.

[1] DEEDS — REFORMATION OF DESCRIPTION — FRAUD — PLEADING. — A complaint for reformation of the description in a deed on the ground of fraud, to be good as against a demurrer, must show the original agreement, in so far at least as it relates to the description of the property to be conveyed, and should point out wherein the description in the deed differs from the description of the property agreed to be conveyed and that such difference was caused by defendant's fraud.

[2] ID.—ANTECEDENT AGREEMENT—DESCRIPTION OF OMITTED PROPERTY —SUFFICIENCY OF CROSS-COMPLAINT.—In an action to quiet title, a cross-complaint for the reformation of the description in a deed based on the ground of fraud, which alleges that plaintiff and his wife (who is made a party cross-defendant) "sold" to cross-complainant, for a specified money consideration, all of a certain designated lot and the easterly 25 feet of the adjoining lot, the title to which plaintiff is seeking to have quieted, but that only the first mentioned lot was conveyed, sufficiently shows what was the real antecedent agreement between the parties respecting the property to be conveyed, and points out the difference between the description agreed upon and the description of the property actually conveyed.

[3] ID. — DISCREPANCY — FRAUD — PLEADING. — Where such cross-complaint, by sufficient averment, shows that the discrepancy between the agreement to convey and the actual conveyance was due to cross-defendants' fraud, it being alleged that the omission of the easterly portion of the lot, the title to which plaintiff is seeking to quiet, from the description in the deed was done "intentionally and purposely" and "with the express purpose and intention of

defrauding" cross-complainant, who believed that the description in the deed did in truth contain the omitted property, a cause of action for reformation of the deed is sufficiently stated.

[4] ID. — PLEADING — FINDINGS — EVIDENCE — VARIANCE — APPEAL. — The cross-complaint having alleged that the omitted property consisted of the easterly 25 feet of the lot, the title to which plaintiff was seeking to quiet, but the trial court having found that the cross-defendants sold to cross-complainants the easterly 20.20 feet of that lot, and the decree reforming the deed having followed this latter description, such finding and decree did not constitute the making of a new contract for the parties; and the appeal having been on the judgment-roll alone, the appellate court was bound to assume that the finding of the trial court was in conformity with the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. H. Shankland, R. L. Hogan and D. S. Hammack for Appellant.

Gates & Randles for Respondent.

FINLAYSON, P. J.—Albert B. Holson brought this action against John N. Butler and Rebecca J. Butler, husband and wife, to quiet title to lot 131 of Holson Heights, in the city of Los Angeles. The defendant answered, denying that plaintiff possesses any title to the easterly 25 feet of the lot. The defendant Rebecca J. Butler filed a cross-complaint, wherein she alleged that she purchased from the plaintiff and his wife, Nellie Holson, whom she made a cross-defendant, all of lot 130 of Holson Heights and the easterly 25 feet of the lot in controversy, i. e., the easterly 25 feet of lot 131, but claimed that, by reason of fraud on the part of her vendors, the deed to her incorrectly described the property in that it failed to mention the easterly 25 feet of lot 131. Wherefore she prayed that the deed to her be reformed so as to include that property in the description of the land conveyed to her, and that her title thereto be quieted. The trial court found that plaintiff and his wife sold to cross-complainant all of lot 130 and the easterly 20.20 feet of lot 131, and that, through fraud on the part of the vendors, the deed,

while duly conveying lot 130, omitted to mention the easterly 20.20 feet of lot 131. Judgment passed for cross-complainant accordingly, and plaintiff appeals.

Appellant's principal points are: (1) That the cross-complaint does not state a cause of action for reformation based on fraud; (2) that because cross-complainant alleged that the cross-defendants sold to her all of the easterly 25 feet of lot 131, the finding that it was the easterly 20.20 feet of that lot which was sold to her was tantamount to making a new contract for the parties. We find no merit in either point.

The material allegations of the cross-complaint are substantially as follows: On January 4, 1919, cross-complainant "bought" from cross-defendants and the latter "sold" to cross-complainant lot 130 and the easterly 25 feet of lot 131 of Holson Heights, for a total consideration of $3,300, which was paid by cross-complainant to cross-defendants; thereafter, but on the same day, cross-defendants, by a deed executed by them as grantors, conveyed to cross-complainant lot 130 of Holson Heights; the property conveyed by said deed does not include all of the property "sold" by cross-defendants to cross-complainant in that the easterly 25 feet of lot 131 of Holson Heights was not included therein; the omission from the deed of this easterly 25 feet "was intentionally and purposely made by the plaintiff with the express purpose and intention of defrauding the said defendant and cross-complainant . . . and the said plaintiff knew at said time that said deed did not include all of the property sold by him . . . to wit, Lot 130 of the Holson Heights and the said easterly 25 feet of Lot 131"; cross-complainant at the time believed that the description in the deed did in truth and in fact contain the easterly 25 feet of lot 131, as well as all of lot 130; she did not discover the omission until April 20, 1920, which was forty-three days before the action was commenced; she would not have purchased any part of the land nor have paid her money for the same had she not believed that the easterly 25 feet of lot 131 was included in the property described in the deed; the land omitted from the deed is reasonably worth the sum of $1,000; had she known that the deed did not convey to her the entire property purchased by her she would not have accepted the deed or have paid the consideration of $3,300.

[1] A complaint for reformation of the description in a deed on the ground of fraud, to be good as against a demurrer, must show the original agreement, in so far at least as it relates to the description of the property to be conveyed, and should point out wherein the description in the deed differs from the description of the property agreed to be conveyed and that such difference was caused by defendant's fraud. [2] The cross-complaint before us sufficiently shows what was the real antecedent agreement between the parties respecting the property to be conveyed, and points out the difference between the description as agreed upon and the description of the property as actually conveyed. This that pleading does by alleging that the cross-defendants "sold" to the cross-complainant, for a consideration of $3,300, all of lot 130 and the easterly 25 feet of lot 131, but that only lot 130 was actually conveyed. The allegation that the cross-defendants "sold" to the cross-complainant the easterly 25 feet of lot 131, as well as all of lot 130, is sufficient to convey to the mind of a person of common understanding the idea that the pleader intended to charge that the cross-defendants had contracted, for a valuable consideration, to transfer to cross-complainant their title and interest in and to all of the property so "sold" by them. (*Radebaugh* v. *Scanlan*, 41 Ind. App. 109 [82 N. E. 544].) [3] Equity will reform the description in a deed whenever, through fraud on the part of the grantor, it does not convey all of the property which the parties intended should be conveyed. (Civ. Code, sec. 3399.) Here the cross-complaint, by sufficient averment, shows that the discrepancy between the agreement to convey and the actual conveyance was due to cross-defendants' fraud, it being alleged that the omission of the easterly 25 feet of lot 131 from the description in the deed was done "intentionally and purposely" and "with the express purpose and intention of defrauding" cross-complainant, who believed that the description in the deed did in truth contain the omitted property.

[4] It cannot be said that the court's findings and decree made a new contract for the parties. True, the trial court found that the cross-defendants sold to cross-complainant the easterly 20.20 feet of lot 131 and not, as cross-complainant alleged, the easterly 25 feet of that lot. The evidence is not before us, the record on appeal consisting of the judg-

ment-roll alone. We must assume, therefore, that the court's finding was supported by the evidence. That is, we must assume that the evidence showed that the cross-defendants "sold," i. e., that the parties contracted for the conveyance of, lot 130 and the easterly 20.20 feet of lot 131. The decree reforming the deed follows this description. Therefore, so far from making a contract for the parties, the decree follows the terms of their contract as disclosed by the evidence. What seems to be the situation is that there was a variance between the cross-complaint and the evidence. That is, it is quite probable that the evidence, if it were before us, would show that the land which the parties contracted to convey was of an area somewhat less than that alleged in the cross-complaint. Such variance, however, was not a material one. We do not see how it could have actually misled the cross-defendants in maintaining their defense on the merits to Mrs. Butler's cross-action for reformation.

The judgment is affirmed.

Works, J., and Craig, J., concurred.