# NEW ALBANY TRUST COMPANY *v.* NADORFF

[No. 16,202. Filed May 9, 1940. Rehearing dismissed June 19, 1940.]

230

Robert C. Bulleit and Telford C. Orbison, both of New Albany, for appellant.

John H. Weathers, Sherman Minton and Roger H. Phillips, all of New Albany, for appellee.

LAYMON, J.—By leave granted, appellee sought by her intervening petition to have her claim allowed as a general claim in the liquidation of the New Albany Trust Company. In her petition, appellee alleged that the New Albany Trust Company failed and refused to perform its promise to guarantee the payment of the principal and interest of certain bonds of the National Bond and Mortgage Corporation which were purchased by appellee from the appellant trust company. A demurrer for want of facts was addressed to the petition and overruled, and the issues were closed by an answer in general denial. The court found the facts specially and stated its conclusions of law in favor of appellee, allowing her claim as a general claim, and judgment followed accordingly. Appellant has appealed, assigning as error the action of the trial court in overruling its demurrer to the petition, in overruling its motion for a new trial, and error in each of its conclusions of law. The grounds in the motion for a new trial are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The trial court, in finding the facts specially, in effect found that on March 4, 1929, and prior thereto,

the New Albany Trust Company was the owner of bonds Nos. 51, 52, and 53, each of the face value of $500, and Nos. 139 and 140, each of the face value of $1,000, all issued by the National Bond and Mortgage Corporation, and on said date sold and delivered the bonds to appellee in consideration of the payment by her to the trust company of the sum of $3,500; that contemporaneously with the sale and delivery of the bonds, the trust company executed and delivered to appellee the following written memorandum:

"New Albany Trust Company,
New Albany, Indiana,
March 4th, 1929.

Mrs. Grace Elliott,
New Albany, Indiana.

Dear Madam:

In consideration of the purchase by you of Bonds Nos. 47 and 48 of the New Albany Realty Company for $1,000 each, total $2,000.00, and bonds Nos. 139 and 140 for $1,000.00 each, and Nos. 51, 52 and 53 for $500.00 each, total $3,500.00 of the National Bond and Mortgage Corporation, we hereby guarantee the payment of both the principal and interest coupons as they shall become due.

Yours very truly,
NEW ALBANY TRUST COMPANY,
By Walter A. Gadient,
Vice-President."

and that thereafter appellee informed the trust company that the debt evidenced by the bonds purchased by her of the trust company was due and unpaid, whereupon, after some negotiations between the trust company and the mortgage corporation, the mortgage corporation advised the trust company that they would not be able to meet the payment of the bonds at maturity. The trust company communicated this fact to appellee, suggesting to her that the company issue new

bonds, in place of the old, payable in three years. The original bonds were not paid, but new bonds were issued by the National Bond and Mortgage Corporation and exchanged for the original bonds, with the understanding between appellee and the trust company that the trust company's guaranty contract would not be voided by the exchange of the bonds and that the trust company would continue to be liable for the payment of the debt evidenced by the bonds; that appellee assented to the exchange of the bonds, and the trust company delivered to her, and she accepted, the new bonds in substitution for the original bonds; that the new bonds did not create any new indebtedness between the National Bond and Mortgage Corporation and appellee; and that said bonds became due and payable on March 1, 1936, at which time appellee demanded payment of the trust company, and payment was refused.

The principal question involved is whether the promise of appellant trust company to guarantee the payment of the principal and interest of the bonds issued by the National Bond and Mortgage Corporation, sold by appellant to appellee, is within the statute of frauds (§ 33-101, Burns' 1933), which provides that no action shall be brought to charge any person upon any special promise to answer for the debt of another unless the promise, or some memorandum or note thereof, shall be in writing, signed by the party sought to be charged therewith.

Appellant, by demurrer, challenged the sufficiency of the petition for want of facts. In support of its demurrer, appellant insists that the petition proceeds upon the theory that the promise to guarantee the payment of the bonds was an oral promise and that such oral promise is within the statute of frauds and unenforceable. Appellee, in her petition, after reciting

the sale and delivery to her by appellant trust company of the first bonds and the execution and delivery by the trust company to her of its written undertaking to pay such bonds, alleged:

"That thereafter, said bonds were called, and this petitioner so notified thereof by the said New Albany Trust Company, and that this petitioner did deliver said bonds unto said New Albany Trust Company, and the New Albany Trust Company did, some days later notify this petitioner that they had received the money for said bonds, and requesting her to come to the office of said New Albany Trust Company and obtain same; that accordingly this petitioner went to the office of the said New Albany Trust Company, to receive payment for said bonds, and at that time the said New Albany Trust Company again solicited her to reinvest the proceeds received from the sale of said bonds, in other bonds of the said National Bond and Mortgage Corporation at that time owned and the property of and in the possession of said New Albany Trust Company; that the said New Albany Trust Company, for the purpose of inducing this petitioner to purchase said bonds, at the time stated to this petitioner that the written guarantee hereinbefore referred to, would be understood to apply to said new bonds, and that it would absolutely guarantee the payment of the principal and interest of said new bonds according to the terms and conditions thereof. That this petitioner relying absolutely on the promise of said New Albany Trust Company to guarantee the payment of the principal and interest of said bonds as aforesaid, and solely by reason thereof, and upon the strength of said promise did on or about the 1st day of March, 1933, purchase of and from said New Albany Trust Company bonds . . . issued by the National Bond and Mortgage Corporation of the face or par value of thirty-five hundred ($3,500.00) dollars."

It is to be noted that the court, in finding the facts specially, failed to find that the promise was an oral promise, but in effect found that the promise to pay

the debt was in writing signed by the trust company and that the original debt evidenced by the first bonds was never extinguished by the substitution of new bonds.

The trial court, in its findings, departed from the allegations of the petition in finding as a fact that appellee was given the bonds in question as renewal bonds extending the time of maturity instead of finding that there was a sale of the bonds and a purchase of new bonds by appellee as alleged in the petition.

It is insisted by appellant that the findings proceed upon a theory which is entirely at variance with the theory of the petition; that the findings are outside the issues and must be disregarded; and that the petition will not be deemed amended so as to bring such findings within the issues, since the sufficiency of the petition was tested by demurrer.

Generally speaking, a pleading must proceed upon a definite theory and be good upon that theory. The trial court must determine the theory from the allegations of the pleading and keep within the issues submitted in finding the facts specially.

In the case at bar, the challenged pleading was an intervening petition for the allowance of a claim in the liquidation of a trust, was of an equitable nature, and is not subject to the strict rules of civil procedure requiring the pleading to disclose a single definite theory. The pleading leaves no doubt but that appellee sought to charge appellant with the payment of the bonds upon its guarantee to pay them when they became due.

Although the court in its special finding departed from the allegations of the petition in the one par-

ticular, such departure did not amount to a fatal variance, since such finding can reasonably and fairly be said to be within the scope of the issues, and the evidence establishing such facts was introduced without objection. The variance at most was harmless. *Randolph* v. *King* (1920), 74 Ind. App. 68, 127 N. E. 20; *Freas* v. *Custer* (1929), 201 Ind. 159, 166 N. E. 434; *Aetna Insurance Co.* v. *Robinson* (1937), 213 Ind. 44, 10 N. E. (2d) 601.

This and our Supreme Court have held it to be the settled law of this state that where there is a special finding of facts and conclusions of law are stated thereon, any antecedent ruling overruling a demurrer to any pleading becomes harmless, even though it be erroneous, if the conclusions of law stated are valid and the facts found are within the issues. *Woodward* v. *Mitchell* (1895), 140 Ind. 406, 39 N. E. 437; *Smith, Trustee* v. *Wells Manufacturing Company* (1897), 148 Ind. 333, 46 N. E. 1000; *Sawers Grain Co.* v. *Goodwine* (1925), 83 Ind. App. 556, 146 N. E. 837.

We now pass to a consideration of the finding of facts, the conclusions of law, and the motion for a new trial.

In support of the alleged error in overruling the motion for a new trial, appellant contends that the evidence discloses that the debt created by the bonds which were first purchased by appellee was extinguished and that a new debt or obligation was created when she received and accepted the new bonds; consequently appellant's liability, if any, must be predicated on the oral promise to guarantee the payment of the new bonds or on its oral promise that the written guarantee given in connection with the original bonds would apply to the new bonds, upon the basis that if a part of a con-

tract rests in parol, the entire contract is regarded as a verbal one.

The statute of frauds requires that the promise, contract, or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, signed by the party to be charged therewith.

The trial court found, and we think the finding is amply sustained by the evidence, that appellant trust company, by a written memorandum, promised to pay appellee a debt evidenced by certain bonds issued by the National Bond and Mortgage Corporation, and that this debt was never paid or extinguished by the substitution or exchange of the new bonds.

Under such circumstances we are compelled to hold that the promise upon which liability was established was valid, enforceable, and not within the inhibition of the statute of frauds.

The trial court did not err in each of its conclusions of law or in overruling appellant's motion for a new trial.

Judgment affirmed.

NOTE.—Reported in 27 N. E. (2d) 116.